Upon a petition for a rehearing, the Court gave the fol-loiving opinion, by
Judge Owsley.
THE appellee’s counsel having petitioned for a re-I vision of the opinion heretofore given in this cause, *115 and that opinion involving principles of chancery prac-fice, hitherto not settled by any decision of this court, we have thought proper to remark, that we conceive those mischievous consequences supposed in the petition will not result in practice, under the principles recognized in that opinion. A complainant in chancery will not be permitted to let his cause hang pn without preparing it as to all necessary parties, as long as he may be disposed, without control, as seems to be supposed. The chancellor most assuredly has a control-ing power over the preparation of causes. In injunction causes he certainly would have the power to dissolve the injunction for neglect in preparation, and for gross neglect the complainants bill might and should be dismissed without prejudice to his right. This coa-troling potvct in the chancellor, it is conceived, is amply sufficient to prevent those supposed evils which are imagined will result from the delays in preparing causes for hearing.
From a thorough consideration of the former opinion and principles therein recognized, we are still induced to believe it correct. Upon an examination, however, of the act of 1810, respecting executors, wethinkjudgment for costs should not have been given against the executor of Davis, to be paid out of his own estate. That judgment, therefore, must be set aside, and the former opinion confirmed in all its parts except as to costs, and a judgment entered against the executor of Davis for costs, to be paid out of the assets in his hands to be administered, or which may hereafter corpe to his hands to be administered.